IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GREG GRISWOLD,

                Appellant,

v.

BRENDA ZEDDUN,

                Appellee.

OPINION & ORDER

15-cv-771-jdp

---

This is the third of appellant Greg Griswold's recent appeals from decisions of the United States Bankruptcy Court for the Western District of Wisconsin related to a farm owned by Laura Ann Wierzbicki. In this case, Griswold appeals from a November 16, 2015, ruling in Wierzbicki's bankruptcy case regarding Griswold's claim on Wierzbicki's estate. *In re Wierzbicki*, No. 13-12213 (Bankr. W.D. Wis.).

The trustee, appellee Brenda Zeddun, objected to Griswold's claim for $7.2 million. In his response, Griswold stated that the actual amount of the claim was $150,000, and at a November 16, 2015, hearing on the objection, he stuck to that position:

> MR. GRISWOLD: Your Honor, I would have no problem at all amending and providing documentation to evidence that I'm not asking for 7.2 million, and I would incorporate in that the previous stipulation reached between myself and Laura Wierzbicki in the adversary hearing where she stipulated to $150,000.
>
>                 \* \* \*
>
> THE COURT: Well, I will allow 20 days to amend claim to -- what was the amount stated? $150,000?
>
> MR. GRISWOLD: Correct. Your Honor, based on the recent developments in the 14-CV-0718 appeal, I would also like to amend that, but I will provide full documentation of the whole claim.

Dkt. 3, at 3-4. The bankruptcy court gave Griswold 20 days to amend his claim, or the issue would be set for a final hearing. Griswold then filed this appeal, stating that he appeals the bankruptcy court's decision "denying [him] an opportunity to amend his creditor claims above and beyond the $150,000 limit ordered."

I will dismiss this appeal because it is not from a final order; Judge Martin's November 16, 2015, ruling merely gave Griswold a deadline to amend his claim. Even if I construed Griswold's appeal as including a request for leave to take an interlocutory appeal, I would deny that motion because there is no reason to think that this appeal could materially advance the termination of the litigation. *See* 28 U.S.C. § 1292(b).

Moreover, there is no reason to entertain the appeal because Griswold appears to have abandoned it by failing to file a brief in support of his appeal, even after a schedule was set for briefing the appeal. That briefing would have been particularly useful because it is unclear what Griswold thinks is wrong with the ruling; he seems to have conceded the $150,000 amount for the claim in both his briefing and at the hearing below. If he thinks that he should be able to further amend his claim "based on the recent developments" in one of his other appeals in this court, he should have raised that issue directly to the bankruptcy judge rather than immediately file an appeal.

ORDER

IT IS ORDERED that this appeal from the November 16, 2015, ruling of the bankruptcy court is DISMISSED. The clerk of court is directed to close the case.

Entered June 27, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge